Good morning, Your Honors. May it please the Court, Anthony Colombo, Federal Defendant of San Diego for the appellant Humberto Marmolejo-Rios. There is one issue that I want to discuss with the Honors this morning, and that is the use of an uncounseled prior misdemeanor conviction in calculating Mr. Marmolejo-Rios' criminal history category. In this case, the defendant demonstrated that, in 1998, Mr. Marmolejo-Rios entered a plea of guilty without counsel to a DUI misdemeanor. He was sentenced to 180 days' custody and five years' probation. The evidence also showed that in every case where, in San Diego Municipal Court, in every case where a defendant enters a plea of guilty without counsel, there's a signed waiver. In this case, there's no evidence of a waiver of counsel. It's the defense's contention that the district court misapplied the burden of proof in this case and required the defendant to not only prove the nonexistence of a waiver, but also to prove that the waiver was invalid. There has been no Ninth Circuit case that has shown that the defendant has the burden to prove the nonexistence of a waiver when there's a waiver in the record that demonstrates that there is a waiver. So, counsel, it's your position that the government had the burden in this case? The government has the – the line of cases from Newman, Allen, Lee, and then Dominguez all state that the ultimate burden of proving the constitutional infirmity of a prior conviction falls upon the defendant, the ultimate burden, meaning that they have to demonstrate that if there is a waiver within the record, in all of those cases, there was a waiver, and all – or the defense conceded that there was a waiver. The defense has to then show that it was a knowing and – it was an invalid waiver. It wasn't knowing involuntary. It is the defense's contention that the government has to prove the existence of a waiver, the fact of a waiver, before the defendant has to sustain his burden and rebut the validity of the waiver. And what case are you relying upon for that proposition? It would appear that this is an issue of first impression. There's no Ninth Circuit case that demonstrates that the defense has to prove the existence of the waiver, but we can read from Dominguez and the line of cases before that, that the ultimate burden falls upon the defendant. There are a number of reasons why the procedure should be – And so what is it that the defendant doesn't have to do? The defendant does not have to prove the nonexistence of a waiver. It should be – the way that the procedure should work, and this is consistent with, for example, a breach of a plea agreement appeal, where the defendant will argue on appeal that there was a breach of a plea agreement. The government then has to demonstrate that, no, the – it was – there was a waiver. There was a waiver of appeal. Then with that – This is a little different, though, when you're talking about a prior case in which the government wasn't even involved. Who's in the best position to be able to produce evidence, the burden of production of evidence on that issue? Well, I think that the government would be just as well as the defense. The defense would be – is in the best position to show – Exactly. Well, they're in the – no, they're in the best position to show that the waiver wasn't valid if there is, in fact, proof of a waiver. But the defense – well, the government would be in just as good a position as the defense to show the existence of a waiver because it's a public record. And as we have seen, and probation has shown, that in every San Diego municipal case where there is an uncounseled prior conviction, there should have been a written waiver. In this case, we have no evidence of any written waiver. There's no evidence at all of any waiver. But, counsel, couldn't your client have testified as to whether or not he signed a waiver? Well, yes. There are a number of things that the defense could have done, and I believe that we have done in this case. So what was your client's testimony regarding that point? My client testified and also submitted a declaration that he had no knowledge. He had no recollection that he was ever represented by counsel in 1998. He had no recollection of ever waiving counsel or ever being advised that he had the right to counsel. And the defense has also shown that in subsequent convictions where Mr. Marmolejo Rios was advised of his right to counsel, he did request counsel, and he did have counsel appointed. So we would – we can infer from that that had he been advised of his right to counsel, he would not have waived. So when did this happen? When did this event happen that he was convicted? He was convicted in 1998, Your Honor. 1998 in what court? In San Diego Municipal Court. Without a lawyer? Without a – the record demonstrates that the only record that the court has, that he was sentenced – he was sentenced to 180 days, five years probation, and he entered the guilty plea pro per, meaning without counsel. That is the only record in this case. So you're asking us to infer that in 1998, California courts, without taking a waiver, sentenced somebody to jail who didn't have a lawyer? Yes, I'm – well – That's pretty tough to assume, isn't it? Well, Your Honor, I don't think that the presumption of regularity goes so far as to say that the defendant, if advised of counsel, his right to counsel, would just wait. And what you have here is proof that he was on counsel and that he was on counsel. You're asking us to assume that a court didn't take a waiver from him and just put him in jail. No lawyer, no waiver, bye. Well, there's no evidence of that. It's hard to buy that. My argument is, is that the district court erred in placing that burden on the defendant. It's the government's burden to prove, because they are the party who is seeking to use this conviction against – this prior conviction against the defendant that, in fact, he was – that, in fact, he was either represented by counsel or he – he had a valid waiver. What does the docket sheet of the official court record show of anything on the issue of counsel and waiver? There is no – the docket sheet demonstrates that it was a pro per plea. He was sentenced to 180 – pro per at arraignment, sentenced to 180 days jail and 5 years probation. That's it. That's the only record that – that has been presented. Myself – And his – and his submission is, I don't remember anything. His – he testified subject to cross-examination by government counsel that he had no recollection of – of – that he was ever advised of his right to counsel or being represented by counsel. Why don't you retain the rest of your time? We'll hear from the government on this. By the way, did you ever find Pitufo? Excuse me? Did you ever find Pitufo? No, Your Honor. Good morning, Your Honors. May it please the Court. Joseph Smith for the United States. I was the lead prosecutor in the case below, and I will be arguing the case for the United States here. I wanted to focus my remarks on – Mr. Colombo, focus his remarks on regarding  in the government's reading of all the cases ever given to the government. There is a presumption under the Allen case, under the Dominguez case, under all the controlling case law, that prior convictions presumptively score, all prior convictions. On top of that, when it comes to uncounseled misdemeanors, they also presumptively score, and there's a presumption of a valid waiver. The Molloy case cites to the United States Supreme Court case of Park v. Raley for that proposition. And the defendant has the burden. The defendant has always had the burden on this issue, and the defendant can't meet that burden by pointing to a silent or ambiguous record. That's clearly in the Allen case and also in the Dominguez case. In fact, in the Allen case, Allen actually took the stand and denied that he had validly waived, and the Allen case said the defendant's testimony at sentencing is insufficient – was insufficient in that case to overcome the presumption of a valid waiver. Kennedy. Pardon me, counsel. What's the basis for the court holdings that there's a presumption that the defendant is advised by counsel? I mean, is it? The presumption is that prior convictions, as they're handled in the United States State courts and Federal courts, that there's adequate protections. The presumption is all prior convictions would score. The Nichols case, which talks in a little bit different specific facts, talks about use of uncounseled misdemeanors where no sentence is imposed. That is, they can always be used. When there's a sentence imposed, they talk about there's got to be a valid waiver, but there's a presumption of a valid waiver, and it is the defendant's burden to do so. In this case, the appellant contends that there's nothing to indicate – and certainly the government's not suggesting that we have the burden of providing evidence that there was a valid waiver, but the appellant contends there was no evidence that there would have been a waiver. In this case, the DUI was handled in 1998. When the probation officer attempted to get the records, they could not get any paper records of that case. It wasn't the case where they got all the records and they did just – all these records were provided to probation, but there was no waiver provided with them. This is where all the paper records had been destroyed or been lost. All there was was something like a docket entry, which indicated the defendant had entered his plea pro per. However, the probation officer's addendum, which should have been provided as part of the PSR and sent up to the circuit court, indicates that the probation officer, after objections from the defendant, went and spoke both with the court system and with the DA's office and determined that it is standard policy within San Diego County for these types of cases that they obtain a waiver in every single case. So if anything, that's evidence that in every case presented that was similar to Mr. Marmoleo Reese's in 1998, they were receiving a waiver of counsel. And where is that in the record? That would be in the probation officer's addendum to the pre-sentence report. I believe the pre-sentence report was provided. Was there a citation for the record? It was – the citation is to the pre-sentence report, which is part of the record. However, I don't think that that issue was directly addressed in the excerpts of the record. It was something that the district court did, did review the pre-sentence report and the addendum prior to making his ruling. And it would be at page 2 of the addendum to the pre-sentence report. But you're saying it's not part of our record on appeal. It should be. Our office does provide a copy of the pre-sentence report in every case where there's a sentencing issue, and my understanding is that it was provided in this case also as well to the court. Secondly, when you're talking about this silent record, a silent or ambiguous record, there's still a presumption of a valid waiver. That never changes. Specifically, Mr. Marmolejo did present a declaration, and I believe that Judge Trott accurately summarized it by saying that he had no memory of what happened. Mr. Marmolejo's counsel here says that he doesn't remember waiving counsel. He doesn't remember being represented by counsel. But when he was cross-examined by myself under oath, he indicated he had no recollection of the entire event. He couldn't even remember what offense he had committed that got him into court on that day. He couldn't remember whether or not he had an attorney. It wasn't that he remembers that he didn't have an attorney. He couldn't remember whether he did or didn't. He couldn't remember whether or not he signed a waiver or was advised how to. It seems that the other side is simply trying to flip the burden of proof that's And certainly, Your Honor. But notwithstanding the presumption, really, it's your problem, not mine. That's correct, Your Honor. And I know the site of the Aikens case, I think that Dominguez squarely shuts down the argument that Aikens is applicable. Aikens is a case involving prior misdemeanor domestic violence convictions and individuals with those convictions possessing firearms later, such as a felony of possession, kind of charge. And because of the unique circumstances of Title 18, Section 922, G9, and the definition of what kind of conviction would score, which would be one where counsel was knowingly and intelligently waived, and most importantly, because it's an element in a criminal offense, the Court in Aikens said, regarding Title 18, Section 922, G9 prosecutions, the government has a burden of proving that the waiver was knowing and intelligent. Dominguez came out after Aikens. Aikens was directly addressed by Dominguez. The district court improperly flipped the burden relying upon Aikens, and Dominguez and this Court came back and said, no, that's not true. Allen is still controlling. The defendant still has a burden. They can't point to a silent or ambiguous record. We certainly have a silent record on this case. And ultimately, they need to provide affirmative evidence. In this case, they haven't. Counsel, where is your cross-examination of the defendant in the record? Your Honor, it excerpts the record 385 to 386. Okay. And it goes on to 387. Ultimately, and also the government points to this, it is the burden of the appellant to carry this burden that there wasn't a knowing, intelligent waiver. The government had the opportunity to cross-examine Mr. Marmolejo. Mr. Marmolejo's counsel elected not to ask him any further questions after cross-examination. He certainly had the opportunity to clarify anything about Mr. Marmolejo's memory. Mr. Marmolejo specifically indicated he had no memory of whether or not he was represented by counsel, whether or not he waived counsel, or even what got him into court on that occasion. All he could say was that his – he remembered that his case was handled just the same as the other ones that he had had. And he had two prior or two subsequent traffic misdemeanor convictions that did also score. And just – just briefly, if I – unless Your Honors have any further questions on that issue, regarding the obstruction of justice argument on the appeal, I believe that Mr. Marmolejo is requesting this Court to create new law and determine that the district court needs to go into the specific evidentiary discrete points that support its finding that Mr. Marmolejo was untruthful. And there's no support in the case file for such a proposition. The district court in this case indicated that he found Mr. Marmolejo lied when he said he did not know there was marijuana in the spare tire of his vehicle. That's entirely consistent with what the district court did in Dunnegan, the Supreme Court said that was adequate to – in order to enhance under 3C1.1. And also, even the M&S case, which Mr. Marmolejo cites, too, in his reply brief, it was a similar situation. However, in that case, the reason why it was reversed was that the district court did not find that the defendant saying that she wasn't aware there was marijuana in the gas tank of her vehicle, the district court failed to make a statement in a finding that was a material fact. In this case, the district court clearly said it was a material fact. He indicated that all untruthful testimony is not necessarily willful. It can be by mistake, by confusion, by lack of memory. He followed it up by indicating that that was not the case here. There was no way that could be the case when someone says they didn't know about marijuana in their spare tire. And he said it was material and it was willful. Thank you, counsel. There are a number of things I want to address. There was no fact of waiver in this case. No waiver at all. No waiver. There's a presumption. You know, you read Allen and Dominguez, it says there's a presumption. You've got to raise something to dispel the presumption, and you raise a bunch of absence to try to do that. I don't know how you can get around Dominguez. Dominguez states that there is a presumption that the waiver is valid. It doesn't state that there's a presumption of a waiver of counsel. That's what the – that's the distinguishing fact in this case. You – putting the burden on the defendant would mean that the defendant has to show that the waiver, a nonexistent waiver, is invalid. How does the defendant show the invalidity of something that doesn't exist? So the – in this case, and I believe this is consistent with Leah's case cited by the government, and I'd like to read this quote. We have held that any term of imprisonment imposed on the basis of an uncounseled conviction where the defendant did not waive counsel violates the Sixth Amendment under Balduzar. Now, in that case, in Lee, it clearly states that where the defendant did not have counsel, the Sixth Amendment violates the – the Sixth Amendment – it violates the Sixth Amendment. In this – in this case, we have no proof that the defendant ever waived counsel. Counsel, what's your response to the information set forth in the addendum to the pre-sentence report? Well, my response is that you can infer from that. And you – if you look on the excerpt of record 384, the probation officer says – states that these records are kept for five years. This conviction was in 1998. These records should have been available. In every case, there is a signed waiver that is kept. In every case. That's in the addendum. And – What about the information in the addendum about the regular practices of the court in terms of the waiver? If that's the regular practices of the court, and they regularly keep these records, it should have been available. And in this case, it wasn't available. So I think that you can infer from that that there was a problem. And that's why the records aren't available. And you could also infer that they – that the waiver was given, but somehow it was lost or misplaced. That's a reasonable inference as well. You can.  And if the government proves there was a waiver, then Dominguez and the line of cases, Lee, Newman, and Allen would require the – So it's your position that the information gathered by the probation officer, that it's the regular practice of giving a waiver, and there's no reason to believe that practice was deviated from in this case, is not sufficient evidence to support  No. I don't think that you can presume from probation's report that there was a waiver. I don't think that you can do that. Why not? And the reason why is because Boykin v. Alabama and also Johnson v. Zerb demonstrate that there should be every presumption against a waiver of counsel. That's – and the reason for that is that in a criminal case – Are those prior conviction cases, when you're trying to undo a prior conviction? No. They're not cases where the – like Dominguez, where it was a collateral issue. They're – but still, from the import of that, we can show that you cannot presume that there's a waiver and you cannot presume that there's a waiver from a silent record. And that's really what we have here. But we're not talking about presuming. I think just Judge Rollins was saying, isn't the evidence by the probation officer of what the practice of the courts is, custom and practice testimony, sufficient to allow a reasonable finder of fact to conclude that a waiver was made? There may be contrary evidence to that. Mr. Marmolejo-Rios says, I can't recall whether I had an attorney or not. You can weigh that. But it's not a question of raising a presumption. It's a question of proving that that was a custom and practice of the courts, from which you can conclude there was a waiver. Isn't that the situation? Well, Your Honor, I – I wasn't – it wasn't so long ago that I was giving these waivers in cases of this sort. So that's why I'm thinking about it. Well, the – well, it's also the practice of the court to keep the records, to retain the records. That's true. And to keep a signed waiver. And we don't have that in this case. Now, if – But if that goes to the weighing of the evidence, not the absence of any evidence. Your Honor, I – in addition to that, if you're going to assume that this is a practice and if you're going to put the burden on us – Let's assume. We're going to deduce from the evidence presented that it was a practice. Well, I don't – I don't believe that – well, first of all, the district court never relied upon this. And neither did the government as well. So I don't believe that that – But if there's any ground upon which we sustain, we can sustain and we should sustain. No, I don't believe that that is the case. Even if you were going to assume that this is the practice, you have to presume every presumption against the waiver. And there's a number of reasons why. But all the presumptions are out of the case once there's evidence of a waiver. But there's also evidence if you're going to place on the burden – if you're going – if this is sufficient, then if you are assuming that the government does have a burden to prove that there was a waiver and you are going to use this addendum to do that, then I think that the district court abused its discretion in determining that there was, in fact, a waiver for a number of reasons. The first is that – is that in every case there is supposed to be a written waiver. There's no record of that. The second is that Mr. Marmolejo testified under cross-examination and submitted a declaration under oath that he couldn't recall. He was being honest. He couldn't recall that he was ever – Kennedy. Pretty weak evidence, isn't it? Excuse me? A man can't recall whether he has an attorney or not in court? This was from a number of years ago. This was at arraignment, Your Honor, as well. For somebody who grew up in Mexico and these proceedings are done very quickly, not recalling something from five years ago I don't think is unreasonable. He was subject to cross-examination by the government. The evidence against there being a waiver is so preponderant that it would be an error of law to rely on the pre-sentence report's evidence of custom and practice to establish that there was a waiver. Custom and practice and California law. That's a tough standard. Your Honor, if – the first issue that I have is whether the government has a burden of proof in showing that there is a waiver. Now, if Your Honor is going to use this – the addendum as proof that the government has sustained a burden in proving a waiver, what I'm saying is that to rebut the government's showing that there was a waiver, we have the defendant's testimony under cross-examination that he could not remember being – You don't want us to be fact-finders, though, at this point, do you? No, Your Honor. But I think that at the very least, then, this case should be remanded and the district court should determine whether, in fact, the government has sustained a burden in showing that there was a waiver and whether – and give the defense the opportunity to present evidence that there was no waiver. And then we get to the ultimate issue, which is discussed in Dominguez and those line of cases, whether, if there was a waiver, it was invalid or whether it was voluntary in knowing. Thank you, counsel. Your case has been well argued. And we'll take an understanding.
judges: Trott, Rawlinson, Bea